**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

LEON THOMAS,

                                      Petitioner,               9:24-cv-00824 (BKS/DJS)

v.

SUPERINDENDANT J. WOLCOTT,

                                        Respondent.

---

**Appearances:**

*Petitioner pro se:*
Leon Thomas
19-B-1219
Attica Correctional Facility
Box 149
Attica, NY 14011

*For Respondent:*
Letitia James
Attorney General for the State of New York
Sheila Bautista
Paul J. Lyons
Assistant Attorneys General
28 Liberty Street
New York, New York 10005

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.     INTRODUCTION

On July 1, 2024, Petitioner pro se Leon Thomas, a New York State inmate, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). On October 15, 2024, Respondent filed a response accompanied by the state-court records related to the matter. (Dkt. Nos. 9–11). Petitioner filed a traverse on November 1, 2024, (Dkt. No. 15), and a

supplement to the traverse, with the Court's permission, on November 25, 2024, (Dkt. No. 18). This matter was assigned to United States Magistrate Judge Daniel J. Stewart, who, on July 21, 2025, issued a Report-Recommendation and Order recommending that the petition be denied and dismissed and that no Certificate of Appealability be issued. (Dkt. No. 23, at 13).

Respondent filed objections on August 8, 2025. (Dkt. No. 27). Petitioner requested an extension of time to file objections, (Dkt. No. 24), and filed a Motion for Certificate of Appealability, (Dkt No. 28), which the Court construes as objections, on August 28, 2025. Respondent filed a response to Petitioner's objections. (Dkt. No. 29). For the reasons set forth below, the recommendation in the Report-Recommendation is adopted.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quoting *DuBois v. Macy's Retail Holdings, Inc.*, No. 11-cv-4904, 2012 WL 4060586, at *1, 2012 U.S. Dist. LEXIS 131678, at *3 (E.D.N.Y. Sept. 13, 2012), *aff'd*, 533 F. App'x 40 (2d Cir. 2013)). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (quoting *Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1, 2008 U.S. Dist. LEXIS 55034, at *2–3 (S.D.N.Y.

July 21, 2008). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

### III.    DISCUSSION

On February 14, 2019, Petitioner entered an *Alford* plea to two counts of attempted second-degree murder. (Dkt. No. 11-3, at 59–60). On May 14, 2019, Petitioner was sentenced to concurrent, determinate sentences of twenty-three years in prison and five years of post-release supervision. (*Id.* at 75). The Appellate Division, Fourth Department, affirmed Petitioner's conviction on May 7, 2021, (Dkt. No. 11-1, at 107), and the Court of Appeals denied leave to appeal on January 31, 2022. (*Id.* at 114).

Petitioner subsequently filed a pro se motion to vacate his conviction under New York Criminal Procedure Law ("CPL") § 440.10, alleging that the judgment was obtained in violation of Due Process, that he is actually and factually innocent, and that received ineffective assistance of trial counsel. (*Id.* at 115–16). While his motion was pending, Petitioner filed his first petition for a Writ of Habeas Corpus in federal court, but this petition was dismissed without prejudice on May 4, 2023 for failure to exhaust available state remedies. (*Id.* at 297). The Appellate Division, Fourth Department, denied Petitioner's CPL § 440.10 motion on November 15, 2023. (*Id.* at 182). Petitioner sought leave from the New York Court of Appeals to appeal the denial of his motion pursuant to CPL § 460.15, (*id.* at 183–84), but leave was denied on February 27, 2024. (*Id.* at 353).

The petition presently before the Court asserts one ground for habeas corpus relief under 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner argues that he was denied effective assistance of trial counsel due to his attorney's failure to "investigate and present the proper affirmative defense." (*Id.* at 5). Specifically, Petitioner claims that "counsel did not pursue a mental disease or defect defense, opting to have Petitioner plead guilty to all charges." (*Id.*). After carefully considering

3

this claim, Magistrate Judge Stewart recommended denying it because Petitioner "cannot show that his attorney's performance was deficient, nor can he show that his attorney's performance prejudiced him as a defendant." (Dkt. No. 23, at 6). The Court assumes familiarity with the Report-Recommendation and the facts underlying the petition as summarized in the Report-Recommendation, and considers each party's objections in turn.

### A.      Petitioner's Objections to the Report-Recommendation

Construing Petitioner's submission liberally, he appears to make the following objections. First, citing to page three of the Report-Recommendation, Petitioner states, "I disagree to the fact that the Doctor's were not aware that during the time of the incident I was going through a mental disturbance due to my cousin . . . went missing. . . ." (Dkt. No. 28, at 2). The Court assumes that Petitioner is objecting to the absence of any discussion of whether doctors were aware that Petitioner was distressed by his cousin's disappearance. Petitioner has, however, not identified any error in Magistrate Judge Stewart's recitation of the facts regarding the role the doctors assumed in Petitioner's defense, and his objection is without merit because the record does not indicate what the examining psychiatrist knew about Petitioner's background. (*See* Dkt. No. 11-3, at 37, 39).

Next, also referring to page three of the Report-Recommendation, Petitioner states that "I disagree with the fact that we went to ADA office to review the footage unkowingly [*sic*]." (Dkt. No. 28, at 3). Magistrate Judge Stewart does not state that Petitioner went to the Assistant District Attorney's office to view footage of the incident knowingly. Rather, he correctly states that "[a]t the plea hearing, Petitioner informed the court that he had, with counsel, watched footage depicting the shooting . . . ." (Dkt. No. 23, at 3). There was no error.

Petitioner objects to Magistrate Judge Stewart's "Standard of Review" because "petitioner put in petition application 2254 by requesting Northern District Court to dismiss

4

without prejudice so petitioner can exhaust all state remedies." (Dkt. No. 28, at 7). The Report-Recommendation, however, correctly states the standard of review. (Dkt. No. 23, at 4–6). And the Petition was appropriately dismissed to permit Petitioner to exhaust his state remedies. (*See id.* at 4 ("While the section 440 motion was pending, Petitioner filed his first petition for a Writ of Habeas Corpus, but this petition was dismissed without prejudice shortly thereafter.")).

Lastly, Petitioner "totally disagrees with the discussion" in the Report-Recommendation regarding ineffective assistance of counsel because Petitioner "truly believe[s] that counsel was deficient due to him have defense toxicology and psychological report but did not pursue insanity defense or mental disease or defect." (Dkt. No. 28 at 7). To the extent this is a specific objection, the Court has reviewed the analysis in the Report-Recommendation regarding ineffective assistance of counsel de novo and concurs in the conclusion that Petitioner has failed to establish ineffective assistance of counsel.

Upon a careful review of Magistrate Judge Stewart's thorough analysis, the Court finds that the state court's ruling on Petitioner's CPL § 440.10 motion is not an unreasonable determination of the facts or an unreasonable application of the law. *See* 28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 & n.1 (2d Cir. 2006).

**B.      Petitioner's New Arguments are Procedurally Barred as Unexhausted**

The remainder of Petitioner's submission does not raise specific objections to the Report-Recommendation but instead raises arguments in support of his ineffective assistance of counsel claim that he did not present in his petition or to the state court. Petitioner claims that his attorney was ineffective for failing to develop a mental disease or defect defense arising out of his cousin's disappearance in November 2017. (Dkt No. 28 at 2, 4). He further claims that "[i]f the lawyer had retrieved private investigator they would have found that I had to be going through mental issues due to family members death." (*Id.* at 4). This argument appears in

Petitioner's supplement to his traverse for the first time. (Dkt. No. 18, at 2). The Court is not required to consider theories raised on reply for the first time. *See Parker v. Smith*, 858 F. Supp. 2d 229, 233 n.2 (N.D.N.Y. 2012) ("To the extent that petitioner's traverse could be read to raise new arguments that are not in his petition, they will not be considered because a traverse or reply is not the proper pleading in which to raise additional grounds for habeas relief."). Therefore, it was not error for Magistrate Judge Stewart not to consider this argument in the Report-Recommendation. Moreover, although Petitioner, in an affidavit to his state court CPL § 440.10 petition, stated that he was "heavily depressed" due to his cousin's disappearance and faulted his trial counsel for "failing to investigate the facts" by hiring a private investigator, (Dkt. No. 11-1, at 136–37), Petitioner never faulted his trial counsel for failing to pursue a mental disease or defect claim arising from his cousin's disappearance. Thus, this argument has not been procedurally exhausted.

The other bases for Petitioner's ineffective assistance of counsel claim were raised in his recent submission for the first time. Petitioner asserts that his counsel should have pursued a voluntary intoxication defense, which can negate the element of intent. (Dkt. No. 28, at 2–5). Petitioner argues that his counsel was ineffective for reviewing footage of the incident with Petitioner in the Assistant District Attorney's office. (*Id.* at 3–4, 8). He claims that his counsel did not download footage of the incident to his laptop, so "he took it upon himself to put the client in the ADA office to watch, which is like putting a sheep in the lions den. Did not show effective counsel to me." (*Id.* at 4). Finally, Petitioner claims that his attorney was ineffective because he "request[ed] 20 years instead of doing what was best for the client." (*Id.* at 6). Petitioner asserts that Ann Usborne, the Mitigation Supervisor who authored the defense's pre-sentence memorandum on Petitioner's behalf, (Dkt. No. 14, at 3–11), "asked for 10-15 years,

6

[his trial counsel] could of agreed with her PSI report instead of having her redo it all over to request a higher sentence to Please the people." (Dkt. No. 28, at 6).

The state record, (Dkt. No. 11-1), reveals that Petitioner did not present these bases for ineffective assistance of counsel to the state court. These arguments are therefore not procedurally exhausted. *See Caballero v. Keane*, 42 F.3d 738, 740 (2d Cir. 1994) ("To reach the merits of an ineffective representation claim, all of the allegations must have been presented to the state courts, allowing them the opportunity to consider all the circumstances and cumulative effect of the claims as a whole." (citation modified) (quoting *Sanford v. Senkowski*, 791 F. Supp. 66, 68 (E.D.N.Y. 1992); *Beniquez v. Johnson*, No. 21-cv-1467, 2023 WL 3948738, at *15, 2023 U.S. Dist. LEXIS 101347, at *40–41 (S.D.N.Y. June 12, 2023) ("To exhaust an ineffective assistance of counsel claim, a petition must have 'asserted in state court the specific conduct giving rise to the claim.'" (quoting *Moreno-Gratini v. Sticht*, No. 19-cv-05964, 2022 WL 1425712, at *7, 2022 U.S. Dist. LEXIS 82471, at *19 (S.D.N.Y. Apr. 18, 2022), *report and recommendation adopted*, 2022 WL 1423298, 2022 U.S. Dist. LEXIS 81926 (S.D.N.Y. May 5, 2022)). Even if these arguments were procedurally exhausted, the Court would decline to consider Petitioner's theories because "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12-cv-3774, 2014 WL 2440771, at *5, 2014 U.S. Dist. LEXIS 74148, at *13 (S.D.N.Y. May 30, 2014); *Suarez v. United States*, No. 17-cv-133, 2022 WL 1078436, at *2, 2022 U.S. Dist. LEXIS 66873, at *6 (S.D.N.Y. Apr. 11, 2022) (declining to revisit an opinion and order adopting a report-recommendation where the petitioner raised a new theory regarding his attorney's ineffectiveness on objections to the report-recommendation).

7

In any event, the Court denies Petitioner's unexhausted claims because they are plainly meritless for the reasons set forth in the Respondent's response. (Dkt. No. 29, at 4–8). *Flowers v. Noeth*, No. 20-cv-997, 2021 WL 4267814, at *12, 2021 U.S. Dist. LEXIS 140156, at *31–33 (N.D.N.Y. July 27, 2021), *report and recommendation adopted*, 2021 WL 4262666, 2021 U.S. Dist. LEXIS 178293 (N.D.N.Y. Sep. 20, 2021).[1]

### C.      Respondent's Objection to the Report-Recommendation

Respondent objected to the Report-Recommendation "to clear up a single point of confusion," stating that the Report-Recommendation "leaves unclear whether the ineffective trial counsel claim—and not merely the newly-asserted coercion claim—should be denied under *Tollett* [*v. Henderson*, 411 U.S. 258 (1973)]. (Dkt. No. 27, at 1–2). Respondent construes this argument, along with its argument on the merits of Petitioner's ineffective assistance of counsel claim, as "two independently sufficient reasons" for denying the petition. As such, and because the Court finds that the state court did not unreasonably apply the law or the facts, the Court need not address this independent basis for denying the petition.

### IV.    CONCLUSION

Accordingly, it is hereby

**ORDERED** that the recommendation in the Report-Recommendation, (Dkt. No. 23), is **ADOPTED**; and it is further

**ORDERED** that the petition, (Dkt. No. 1), is **DENIED** and **DISMISSED**; and it is further

---

[1] Petitioner also asks "the Second Circuit" to reduce his sentence. (Dkt. No. 28, at 7). To the extent this request is directed at this, Court it is denied because Petitioner has failed to establish that he is entitled to relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132. *See* 28 U.S.C. § 2254(d).

**ORDERED** that no Certificate of Appealability ("COA") is issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), and any further request for a COA must be addressed to the Court of Appeals, *see* Fed. R. App. P. 22(b); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 13, 2026
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

9